JOHN B. GORMAN AND OTHERS, PLAINTIFFS IN ERROR, *v.* PETER LENOX'S EXECUTORS, DEFENDANTS IN ERROR.

On a demurrer being filed, the rule is, that the party who has committed the first fault shall have judgment against him.

Where a declaration is on a bond given to prosecute with effect a writ of replevin, and the breach assigned is, "that the suit was not prosecuted with effect," it is sufficient.

A certiorari had been issued by the Supreme Court to the Circuit Court, on an allegation of diminution, and the judgment in the replevin suit certified to the Supreme Court, under the certiorari, substantially differed from the judgment described in the declaration on the replevin bond, in a suit in the Circuit Court, brought after the judgment was rendered. In the Circuit Court, in the suit on the replevin bond, the judgment was used in evidence without objection. Held, that the judgment was properly given in evidence, to show the amount of damages which the plaintiffs in the replevin suit had sustained; and the defendants in the suit on the replevin bond, had no right to go into any inquiry as to the evidence on which the verdict was rendered.

Evidence of set-off between the plaintiffs and the defendants in a suit on a replevin bond, the set-off not having any application to the demand on the replevin bond, which was given after a distress for rent, and in which judgment for the rent had been given for the avowant, is inadmissible. The evidence was not offered to show that judgment had been satisfied, but that it ought never to have been given.

ERROR to the Circuit Court of the United States for the county of Washington, in the District of Columbia.

This case was argued at January term, 1840, by Messrs. Hoban and Coxe, for the plaintiffs in error; and by Mr. Brent, for the defendants: at this term,

Mr. Justice M'LEAN delivered the opinion of the Court.

This case comes before this Court from the Circuit Court of the District of Columbia, on a writ of error.

An action was brought in the Circuit Court, by the executors of Lenox against the plaintiffs in error, on a bond given by them in the penalty of three thousand four hundred dollars; with the condition "that the said John B. Gorman should well and truly prosecute a certain writ of replevin with effect;" and also, "should return the goods and chattels replevied, if the same be adjudged, and in all things stand to and abide by, perform and fulfil, the judgment of the Court in the premises."

[Gorman et al. *v.* Lenox's Executors.]

To the declaration the defendants filed a plea of performance, to which the plaintiffs demurred.

The defendants also put in a plea of set-off, that the testator was indebted unto the said Gorman, in the sum of twelve hundred thirty-eight dollars ninety-six cents, for so much money, &c., and for a like sum for goods, wares, and merchandise. To this plea the plaintiff replied the general issue of non assumpsit. The statute of limitations was also replied to this plea of set-off, on which issue was joined. The cause on these issues was submitted to a jury, who returned a verdict for the plaintiffs, for the sum of one thousand and eighty-eight dollars and twenty-five cents, as the amount of damages on the bond.

After the verdict, the demurrer filed to the plea of performance was argued and sustained; and thereupon a judgment was entered for the penalty in the bond, to be released on the payment of the sum found by the jury.

On the trial, the plaintiffs, by their counsel, offered in evidence to the jury, the record and minutes of proceeding in the case of Gorman *v.* Lenox's executors, and claimed the verdict of the jury for the amount of the rent in arrear found by the jury in that case. And the defendants then " offered to prove the set-off filed in this cause, for the purpose of showing that no rent in arrear was actually due, as found by said verdict, from Mrs. Arguelis, as charged in the said avowry; and that therefore the plaintiffs were not damaged to that amount. But the Court were of opinion that such evidence, so offered by the defendants, was inadmissible; to which decision defendants excepted."

And the defendants further prayed the Court to instruct the jury, that the plaintiffs were not entitled to recover for the rent in arrear, as aforesaid found by the jury, in the record aforesaid, above given in evidence; which the Court refused to give.

This record is most loosely and informally made up. But little attention seems to have been paid to the issues made, or to the order in which they were tried.

To the plea of set-off, the plaintiffs below replied the general issue of non assumpsit, and also the statute of limitations; when the more regular mode of testing the validity of the plea would have been by a demurrer. Indeed, it is a matter of surprise that

so obvious a course was not taken. But this irregularity seems not to be important, as on the trial of these issues the defendants offered evidence under the plea of set-off; which was overruled by the Court. This, in effect, determined the matter of the plea.

The demurrer to the plea of general performance, seems not to have been decided until after the verdict was rendered. As this plea was clearly bad, the demurrer was very properly sustained by the Court.

A demurrer being filed, the rule is, that the party who has committed the first fault shall have judgment against him. And on this demurrer a question is raised as to the sufficiency of the declaration. The breach assigned in the declaration is, that the said Gorman did not prosecute the writ of replevin with effect, nor return the goods and chattels replevied, nor pay to the plaintiffs the damages and costs recovered.

The breaches are not assigned with care, and the judgment recovered in the replevin suit, is inartificially stated in the declaration. But it seems where the declaration is on a bond, given to prosecute with effect a writ of replevin, a breach assigned as in this declaration, " that the suit was not prosecuted with effect," is sufficient. 11 Serg. and Lowber, 236. 6 Har. and Johns. 139. 2 Gill and Johns. 441—443.

The record of the judgment in the replevin suit, as certified in obedience to the writ of certiorari, substantially differs from the judgment described in the declaration; but the record of this judgment was only used as evidence in the Circuit Court; and no objection was made to it. The variance, not having been excepted to in that Court, it cannot now be noticed. The objection, as stated in the second bill of exceptions, was, that the amount of the rent in arrear found by the jury could not be received in evidence in this suit.

The action being brought on a penal bond, under the Maryland practice, it was the province of the jury to assess the damages which the plaintiffs had a right to recover; and the judgment in the replevin suit was given in evidence, to show the amount of damages which the plaintiffs had sustained. This was undoubtedly correct; and it is equally clear that the defendants had no right to go into any inquiry as to the evidence on which the verdict was rendered. The jury found in the replevin suit, the amount

of rent in arrear, on which the distress was made; and this was the proper criterion of damages in that case.

There was no error in the Circuit Court, therefore, in overruling this objection.

It is equally clear, that the Court properly rejected all evidence under the plea of set-off. This was, substantially, an attempt to prove that there was no ground for the verdict and judgment for damages, in the replevin suit. The offer was not to show that such judgment had been satisfied, but that it ought never to have been given.

This evidence of set-off was also inadmissible, on the ground that it relates to different parties from those in the present suit.

Upon the whole, the judgment of the Circuit Court is affirmed, with costs.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Washington, and was argued by counsel. On consideration whereof, it is ordered and adjudged by this Court, that the judgment of the said Circuit Court, in this cause be, and the same is hereby, affirmed, with costs and damages, at the rate of six per centum per annum.