McALESTER, AS U. S. MARSHAL VS SUCHY.

Opinion delivered January 8, 1898.

*Action on Replevin Bond—When Maintainable.*

A replevin bond was executed providing that the plaintiff, shall,

duly prosecute this action etc.,'' and plaintiff obtained posses-
sion of the property. She then dismissed the action by her own
motion, retaining possession of the property.  *Held*, An action
was maintainable upon such bond for the value of the pro-
perty.

Appeal from the United States Court for the Southern
District.

C. B. KILGORE, Judge.

Suit by J. J. McAlester as United States marshal
against Mary Suchy and others on replevin bond.   Defend-
ant filed a demurrer to plaintiff's complaint which was sus-
tained.   Plaintiff appeals.   Reversed.

Howard Ross, as cashier, and Nix, Halsell & Co.,
brought suits, by attachment, against the firm of W. F.
King & Co., in the United States Court at Ardmore, Ind. T.
Orders of attachment were issued, and a stock of goods, at
Wayne, Ind. T., was seized by the United States marshal, J.
J. McAlester, under said orders of attachment.   Afterwards
the firm of W. F. King & Co. executed a deed of assignment
to James Rennie for the benefit of their creditors; and the
United States marshal, J. J. McAlester, was in possession of
the stock of goods, by virtue of the orders of attachment, for
the amount of the claims, and as agent of the assignee,
James Rennie, by agreement, for the residue.   The defend-
ant herein, Mary Suchy, claimed the goods, and procured an
order of delivery in an action of replevin brought in the
same court against J. J. McAlester and Howard Ross, as
cashier; and after appointment of special officer, and the ex-
ecution of the statutory bond, as by section 5575, Mansf.
Dig., required, with the other defendants herein as sureties
thereon, the stock of goods was taken from the possession
of the United States marshal, and delivered to Mary Suchy.

The present action is for a breach of the bond, given under section 5575, Mansf. Dig., brought by the obligees, the United States marshal, for the use and benefit, etc., and Howard Ross, cashier. Plaintiffs filed their complaint in the United States Court at Purcell, and the defendants filed general demurrer thereto. The demurrer was sustained by the court. The plaintiffs excepted to the ruling of the court, and exceptions allowed; and, refusing to plead further, judgment was entered against them, and they prosecute error to this court, assigning as error the action of the court in sustaining the demurrer to plaintiffs' complaint.

*Hocker & Woods*, for appellants.

*Geo. M. Miller*, for appellees.

SPRINGER, C. J. (after stating the facts.) The bond executed 'by appellees was given under the provisions of section 5575 of Mansfield's Digest of the Laws of Arkansas, in force in the Indian Territory. It provided that Mary Suchy "shall duly prosecute this action, and shall perform the judgment of the court therein," etc. The complaint in the case at bar alleged "that the said Mary Suchy has wholly failed and neglected to prosecute said action in any manner, and the same has been dismissed and finally determined." The complaint further alleged that "the defendants have wholly failed to return the property, but have converted the same to their own use and benefit," and "have wholly failed to pay plaintiffs the value thereof." The defendants below (the appellees in this court) filed a general demurrer to this complaint, alleging, among other things, that the complaint did not state facts sufficient to constitute a cause of action. The court below sustained this demurrer, and, the appellants refusing to plead further, judgment was entered against them. The question raised by this demurrer, and which this

court must pass upon, is whether a failure to prosecute the suit would be a breach of the conditions of the bond.

In an action of replevin, the plaintiff may take possession of the property in controversy before the suit is determined, by giving a bond as required by law. This bond is given with the condition that the plaintiff shall duly prosecute the action, and shall perform the judgment of the court therein by returning the property, if a return be adjudged, and by paying such damages as may be awarded. The contention of the counsel for appellants is to the effect that in actions on replevin bonds it is not necessary to allege the special facts constituting the breach of conditions, but where a declaration is on a bond given to prosecute with effect a writ of replevin, and the breach assigned is that the suit was not prosecuted with effect, it is sufficient, and he cites Gorman vs Lenox's Ex'rs, 15 Pet. 115, as authority to sustain this contention. Counsel for appellees insists that the case cited is not in point; that that case was decided in favor of the obligees or defendants therein, the decision in the case meaning that the defendants recovered damages and costs, and that the plaintiff did not prosecute with success, but was beaten. Counsel for appellees drew a distinction between the phrase "to prosecute with effect" and to "duly prosecute;" contending that to prosecute "with effect" means to prosecute successfully, and "to duly prosecute" means "in due manner, regularly, legally, in the proper way." We are not disposed to draw nice distinctions in construing remedial statutes. The lawmakers had no such distinctions in their minds. They were providing legal methods for ascertaining and determining property rights between man and man. The Code, which has been adopted in many of the states of the Union, and put in force by congress in the Indian Territory, does not require the fullness and exactness of the common-law pleadings; but it requires the courts to disregard all informalities and technicalities which do not affect

the substantial rights of the parties. In the case at bar the plaintiff below sued'on a replevin bond. It appears that in the suit out of which this bond arose, the plaintiff, after acquiring possession of the property in question, failed to prosecute further, and it was dismissed. Her bond required her to "duly prosecute" the action. She did not prosecute it, but dismissed it, still retaining the property. Has the defendant in that action no remedy? Can a person thus take advantage of his own wrong, and deprive the injured party of any redress? Unless a suit upon the replevin bond can be maintained in such case for failure "to duly prosecute," the obligees of the bond, who were the other claimants to the property, are without any remedy whatever. Such a construction, if given to the statute on replevin, would render that action a device for legally obtaining property by false pretenses. The lawmakers could not have intended to enact such a fraudulent contrivance. We are of the opinion that the complaint in the suit at bar did state a cause of action, and that the demurrer should have been overruled. The merits of the case not having been determined, the right of property may be tried in the suit on the replevin bond. The judgment of the court is reversed, and the case remanded, with direction to overrule the demurrer, and proceed further in accordance with this opinion.

CLAYTON, THOMAS, and TOWNSEND, JJ., concur.