[No. 16707. Department Two. December 22, 1921.]

MARY HAFNER, *Respondent,* v. P. P. FITZPATRICK, *Appellant.*[1]

NEW TRIAL (34)—GROUNDS—NEWLY DISCOVERED EVIDENCE—DIS-
CRETION. The denial of a motion for a new trial cannot be said to
be an abuse of the court's discretion in such matters where the
affidavits for and against are flatly contradictory, and when one of
the affidavits for a new trial was that of a person who was ad-
mittedly a wrongdoer in the subject-matter of the action.

Appeal from a judgment of the superior court for
Franklin county, Truax, J., entered March 29, 1921,
upon findings in favor of the plaintiff, in an action in
replevin, tried to the court. Affirmed.

*Edward A. Davis* and *B. B. Horrigan,* for appellant.
*Chas. W. Johnson,* for respondent.

PER CURIAM.—This is a replevin action to recover an
automobile owned by the respondent. The trial court,
on conflicting testimony, found that the automobile was
feloniously taken from the respondent's possession by
one S. J. Nowland and sold by him to the appellant,
and ordered the automobile, or its value, returned to
the respondent.

The testimony does not preponderate against the
findings of the trial court. As a matter of fact, it is
nearly conclusive that the findings are correct.

After the judgment had been entered, the appellant
made a motion for a new trial upon the ground of
newly discovered evidence, and in substantiation of
the motion presented the affidavits of Nowland and
others, which contradicted the testimony given on the
trial by the respondent and her witnesses. These af-

[1]Reported in 203 Pac. 3.

fidavits on behalf of the appellant were controverted by affidavits furnished by the respondent, and upon the consideration of all of them, the trial court denied the motion for a new trial. It is now urged upon us that this is error.

The denying or granting of a motion for a new trial is, to a large extent, in the discretion of the trial court, and we are satisfied that this discretion was wisely exercised in the instant case. Nowland was admittedly a wrongdoer. The trial court was justified in placing little credence in his statements, and in addition, his and the accompanying affidavits were flatly contradicted by counter affidavits.

The court, having heard the witnesses at the trial and being fully conversant with the facts, is in a far better position than this court to determine whether sufficient showing had been made to justify a reopening of the case. We are satisfied that he did not act improperly in disposing of the motion, and the judgment is affirmed.