[No. 17701.  *En Banc.*  October 11, 1923.]

## MARY HAFNER, *Respondent*, v. UNITED STATES FIDELITY & GUARANTY COMPANY et al., *Appellants.*[1]

REPLEVIN (57)—ACTION ON BOND—DAMAGES—DEPRECIATION IN VALUE. Where replevined property is retaken on a redelivery bond, the plaintiff, if successful, may elect to accept tender of the property, though depreciated in value; and may thereafter sue on the redelivery bond for damages on account of the depreciation in value.

SAME (60)—ACTION ON BOND—EXTENT OF LIABILITY—JUDGMENT—CONCLUSIVENESS. Where the value of replevined property is fixed and determined in the replevin action and in the redelivery bond given in such action, the sureties in such bond are bound thereby, and cannot reopen the subject in an action on the bond.

NEW TRIAL (49)—IMPEACHMENT OF VERDICT BY JURORS. Upon a motion for a new trial, the verdict cannot be impeached by affidavits of the jurors alleging that the jury took into consideration improper elements of damage.

SAME (13½)—MISCONDUCT OF JURORS. It is not a sufficient ground for a new trial that one of the jurors stated in the jury room that he knew one of the parties to be a reckless driver, where the only questions for the consideration of the jury were whether there had been a depreciation in the value of the car and the amount thereof.

MACKINTOSH, TOLMAN, PEMBERTON, and BRIDGES, JJ., dissent.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered July 19, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a replevin bond. Affirmed.

*B. B. Horrigan,* for appellants.

*Chas. W. Johnson,* for respondent.

FULLERTON, J.—A Hudson automobile, the property of the respondent, Mary Hafner, was feloniously taken from her possession by a third person, and was, on October 4, 1920, sold by such third person to appellant

[1]Reported in 219 Pac. 16.

P. P. Fitzpatrick. The respondent sued in replevin to recover the automobile, and took possession of it under a replevin bond on October 21, 1920. On October 23, 1920, the appellant Fitzpatrick retook its possession under a redelivery bond, which, so far as material, reads:

"Whereas the above named Mary Hafner as plaintiff in the above entitled cause has filed her affidavit and bond in replevin in the said cause, and the said James S. Hays as sheriff has thereunder taken into his possession and now holds one Hudson Speedster, 1918 Model, Serial No. 45338, Engine No. 61734, bearing Washington License No. 155378, and the value of the said property as stated in the plaintiff's affidavit is $2,500, and the defendant, P. P. Fitzpatrick, requires the return of the said property to him;

"Now therefore, if the above bounden P. P. Fitzpatrick shall deliver the said property to the plaintiff Mary Hafner, if such delivery be adjudged, and shall pay to the said Mary Hafner all such sums as may, for any cause, be recovered against the defendant; these presents to be void; otherwise to remain in full force and effect."

Mrs. Hafner was successful in the replevin action and a judgment in her favor was entered, the portions of which that are material to this inquiry reading:

"That the plaintiff is entitled to immediate possession of the property described as follows:

"One Hudson Speedster, 1918 Model, Series No. 45338, Engine No. 61734, bearing Washington License No. 155378, and the court having found the value of the said property to be the sum of $2,500, and it appearing from the return of the sheriff herein and the undertaking filed on the part of the defendant that said property was delivered to the defendant,

"It is further ordered and adjudged that Mary Hafner the plaintiff have and recover from the defendant the possession of the property hereinbefore described, in substantially as good condition as the same

was in when taken by the defendant under the bond in this case, and in case delivery of said property cannot be had, then that the plaintiff have and recover from the defendant the said sum of $2,500, with interest at 6 per cent per annum from October 4, 1920, together with her costs and disbursements herein."

Upon appeal to this court, the judgment was affirmed. *Hafner v. Fitzpatrick,* 118 Wash. 80, 203 Pac. 3. When the judgment became final, the respondent accepted delivery of the automobile from Fitzpatrick and then commenced this action to recover on the bond for damages because of the depreciated value of the car. A trial before the court and a jury resulted in a judgment in her favor for $1,068.75, the $68.75 being the amount of the costs in the replevin action. Both defendants have appealed.

It is first contended that respondent has mistaken her remedy. It is said that, under our decision in *Irhig v. Bussell,* 68 Wash. 70, 122 Pac. 608, she must either accept the car as a satisfaction of the judgment, or refuse to accept it, in which case she can proceed to collect its value as fixed in the judgment. That case, however, is not authority for the proposition to which it is cited. The applicable rule is found in *Hallidie Mach. Co. v. Whidbey Island S. & G. Co.,* 73 Wash. 403, 131 Pac. 1156, wherein we said:

"The authorities so far noticed, as we understand them, lend support to the view that the party for whose benefit the delivery or redelivery bond is given, under which his property is withheld from him, upon judgment being rendered in his favor for the recovery of the property, or in the alternative for its total value determined by such judgment without separate valuation of separate portions or articles, may elect to accept tender of the property, though depreciated in value, and sue upon the bond for his damages measured by its depreciated value; or he may, if the property

is tendered to him in substantially worse condition than when first withheld from him under the bond, refuse the tender and sue upon the bond for damages measured by the total value of the property as determined by the alternative judgment. We are impressed with the justice of this doctrine, in view of the fact that it favors the party who is finally adjudged to be in the right."

It is next contended that the court erred in giving to the jury the following instruction:

"You are instructed that the reasonable market value of the car at the time the redelivery bond was furnished has been fixed and determined at $2,500, and you will so consider it in your deliberations."

This value was fixed both in the judgment in the replevin action and in the bond. The sureties are bound by this judgment and the question of value may not be litigated again in this action. In 23 R. C. L. 941, it is said:

"Likewise, the question of the value of the property taken as adjudicated in the replevin suit is not open to re-examination by the sureties on the redelivery bond."

To the same effect are: *Gorman v. Lenox*, 15 Pet. (U. S.) 115, 10 L. Ed. 680; *Bierce v. Waterhouse*, 219 U. S. 320, 55 L. Ed. 337.

The appellants further contend that there was not sufficient evidence to justify the verdict, and that a judgment *non obstante veredicto* should have been granted. While there is, of course, a conflict in the testimony, there is an abundance to the effect that the automobile was worth not more than $1,200 or $1,300 when returned to the respondent, and this is the only question upon which there was a substantial dispute.

The final contention of appellants is that a motion for a new trial should have been granted because of

misconduct of the jurors in their consideration of the case. This motion is based upon affidavits of five of the jurors, practically identical, and reading substantially as follows:

". . . , being first duly sworn, on oath deposes and says: that he was one of the jurors who tried the above entitled action on June 15th, 1922; that after the jury retired to deliberate upon the verdict, one of the arguments put forward by some of the jurors, and which seemed to have weight in determining the amount of damages allowed the plaintiff, was that plaintiff was damaged by being deprived of the use of her car for over five months by the act of the defendant P. P. Fitzpatrick, and one of the items nearly always brought forward by one of the jurors was the item of damages to the plaintiff for deprivation of her car; that affiant believes that if the jury knew that the item of damages to the plaintiff, caused by her being deprived of the use of her car could not be considered, affiant believes that the verdict would be less than the amount rendered; that one of the jurors said that Fitzpatrick was a reckless driver as he himself had often seen him drive his car very fast and that he could have injured the car by his driving."

In *State v. Parker*, 25 Wash. 405, 65 Pac. 776, when considering a similar affidavit, we used this language:

"In considering the affidavits filed, we entirely discard those portions which may tend to impeach the verdict of the jurors, and consider only those facts stated in relation to misconduct of the juror, and which in no way inhere in the verdict itself. It is not for the juror to say what effect the remarks may have had upon his verdict, but he may state facts, and from them the court will determine what was the probable effect upon the verdict. It is for the court to say whether the remarks made by the juror in this case probably had a prejudicial effect upon the minds of the other jurors."

Applying the same rule to the present situation, there is eliminated from our consideration everything

contained in the affidavits, save the statement of the juror that the appellant Fitzpatrick was a reckless driver, and that he (the juror) had himself often seen the appellant driving very fast. The other matters stated—such as the statement that one of the jurors, while the jury was deliberating, brought forward as an item of damage the loss of the use of the car to the plaintiff, and the belief that the verdict would have been less had the jury known that this was not a proper item of damage—are matters inhering in the verdict, tending to impeach it, and not therefore proper to be shown. The question then is, whether, because of the improper statement of fact made by the juror, the cause should be reversed. It is our opinion that it should not. There were but two possible questions for the consideration of the jury; one, whether there was a depreciation in the value of the automobile while it was wrongfully in the possession of the appellant, and the other, the amount of such depreciation. On these questions the remark of the juror had no bearing. It could not, therefore, have been prejudicial, and error without prejudice is no ground for reversal.

The judgment is affirmed.

MAIN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.

MACKINTOSH, TOLMAN, PEMBERTON, and BRIDGES, JJ., dissent.