[No. 19689. Department Two. April 2, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. DICK
BRADY, *Appellant*.[1]

[1] APPEAL (272, 278)—RECORD—AFFIDAVITS—MISCONDUCT AT TRIAL.
Statements made in the presence of the court must be shown by
the court's certificate, and not by affidavits not certified as part
of the record.

[2] INTOXICATING LIQUORS (49)—CRIMINAL PROSECUTION—ADMISSI-
BILITY OF EVIDENCE—BOTTLE. A bottle which contained the in-
toxicating liquor sold by the accused is admissible in evidence
when properly identified.

Appeal from a judgment of the superior court for
Stevens county, Carey, J., entered March 30, 1925,
upon a trial and conviction of bootlegging. Affirmed.

*L. B. Donley,* for appellant.

*Thomas I. Oakshott* and *F. Leo Grinstead,* for re-
spondent.

MAIN, J.—The defendant was charged by informa-
tion with the crime of bootlegging, tried and convicted,
and from the judgment entered on the verdict appeals.

[1] The first complaint is as to statements made
to the jury by the prosecuting attorney during the
argument of the cause. This is attempted to be shown
by affidavits, not brought to this court by bill of excep-
tions or statement of facts, but found only in the
clerk's transcript. It has many times been held that
affidavits certified in this manner cannot be considered.
In addition to this the matter complained of was some-
thing that occurred in the presence of the court, and
must be shown by the court's certificate and not by
affidavit. *State v. Johnston,* 83 Wash. 1, 144 Pac.
944; *State v. Ross,* 85 Wash. 218, 147 Pac. 1149.

[1]Reported in 244 Pac. 675.

[2]   The appellant also objects to the ruling of the trial court in admitting in evidence the bottle which the state claims contained the liquor sold by the appellant.   The offense is alleged to have occurred on the evening of February 3, 1924, at a dance hall in Stevens county.   One Ole Aldrich testified that at this time he purchased a quart bottle of intoxicating liquor from the appellant.   He stated that, after making the purchase, he and two others went a short distance from the hall and each of them had a drink out of the bottle, after which it was concealed under a tree.   Later in the evening they had another drink.   On the second occasion, a brother of one of the three observed them and, after they had concealed the bottle a second time went to the place of its hiding, got it and the following morning gave it to his father.   The latter positively identified the bottle as the one given to him by his son. The son testified that it looked to be exactly the same. The bottle was sufficiently identified to authorize its admission in evidence as an exhibit.

Lastly the appellant complains of an instruction given to the jury.   To this instruction there was no exception taken and the question is not here for review.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.