[No. 24218. Department One. May 15, 1933.]

ANDREW MARTIN *et al., Respondents,* v. FRED S. MONK *et al., Appellants.*[1]

*Eggerman & Rosling,* for appellants.

*Roberts, Skeel & Holman* and *W. R. McKelvy,* for respondents.

HOLCOMB, J.—This appeal is from a judgment on two causes of action arising out of an automobile collision, one amounting to five thousand dollars for personal injuries to respondent, the wife, and the other for $69.90 for damages to the property of respondents. The collision occurred at about six p. m., on January 5, 1931, at the intersection of 24th avenue N. W. and West 73rd street, in Seattle. Respondents sued for twenty thousand dollars for the personal injuries sus-

[1]Reported in 22 P. (2d) 51.

tained by the wife, and appellants also cross-complained for twenty thousand dollars for personal injuries sustained by Mrs. Monk.

It was dark, and misting sufficiently to require operation of the windshield swipes. Both cars had their headlights burning. Mrs. Monk was driving her car alone, going downtown in Seattle to get her husband and take him home. Mrs. Martin was in a car driven by her twenty-three year old son. She was sitting on the right-hand side of the front seat. The drivers of each car claimed to have seen the other car approaching the intersection at approximately the same speed of twenty miles per hour. The driver of respondents' car, as he approached the intersection, reduced the speed of his car to fifteen miles per hour or less. Upon seeing that, Mrs. Monk speeded up her car to more than the legal maximum within intersections, so that she was driving her car, as respondent Mrs. Martin testified, "just like lightning." Thus, it is shown that respondents' car had the statutory right of way at the intersection, and appellant Mrs. Monk was driving across it at an excessive rate of speed.

At the trial, the court submitted both the causes of action of respondents and that of appellants to the jury, which awarded the verdicts in favor of respondents.

Appellants admit that the respondents had the statutory right of way at the intersection, but contend that, having slowed their automobile down to a slow speed before entering the intersection, Mrs. Monk was justified in believing that the driver of the car of respondents had waived the right of way and was inviting her to go on. We cannot agree with this unusual contention. When a driver obeys the law and the ordinances prescribing the slowing of the speed of the car as he enters an obstructed intersection, as this

one was from that direction, it cannot be held that he thereby waives the right of way and thus justifies the driver on the left to proceed at a high rate of speed across the intersection.

Appellants also contend that the verdict of five thousand dollars on the personal injury cause of action was excessive. While there is some evidence on the part of physicians who examined Mrs. Martin that they could find no such injuries as she complained of, there was testimony on the part of her regular physician that, although he had first believed that she was simulating some of her injuries, after repeated examinations he concluded that she had the injuries she complained of. It would serve no useful purpose to set out the evidence in detail as to the nature of her injuries. If they were actual and she was not simulating and malingering, the verdict is not unduly excessive so as to show bias and prejudice in her favor on the part of the jury.

The chief contention of appellants seems to be that there was misconduct on the part of the jury in considering the fact that appellants had automobile liability insurance. The affidavits of five jurors were procured and presented to the trial court, to the effect, in general, that they did discuss the matter of liability insurance. It must be remembered, however, that both parties were suing the others, and there is no more likelihood that the jurors had the idea that one of the adversaries was more likely to have automobile insurance than the other. Upon motion for a new trial, the verdict cannot be impeached by affidavits of jurors as to matters which inhere in the verdict. *Brant v. Sweet Clinic,* 167 Wash. 166, 8 P. (2d) 972. Cf. *Lander v. Shannon,* 148 Wash. 93, 268 Pac. 145; *Lloyd v. Mowery,* 158 Wash. 341, 290 Pac. 710. Outside cases are of no weight against our own precedents.

Appellants argue that these cases are to be distinguished from the instant case upon the ground that, in all those cases, the affidavits were controverted by counter affidavits. That is true as to those cases, but to hold that such affidavits by jurors impeaching a verdict are grounds for a new trial would lead to a hopeless situation, as it would be possible for jurors to make such affidavits respecting insurance in almost every damage case tried in the courts. Furthermore, since both parties were suing the others, we do not consider that it had any more effect in favor of respondents here for such amount as was awarded than for the adversaries, unless the testimony in behalf of respondents was to the jurors the more credible.

Finding no reversible error in the record, the judgment is affirmed.

BEALS, C. J., MITCHELL, and MILLARD, JJ., concur.