[No. 25540. Department One. August 10, 1935.]

STEVE H. HAMILTON, *Appellant,* v. ALVA SNYDER, *Respondent.*[1]

[1]Reported in 48 P. (2d) 245.

*Henry C. Levinski* and *Robert L. Clinton,* for appellant.

*Ralph B. Potts,* for respondent.

TOLMAN, J.—This is an action to recover for personal injuries received in an automobile accident. The case was tried to a jury, and a verdict in favor of defendant was returned. A motion for judgment n. o. v. and in the alternative for a new trial was interposed and denied. From a judgment on the verdict, the plaintiff has appealed.

The matters relied upon as constituting sufficient ground for granting a new trial are brought here by a bill of exceptions, which consists of affidavits made by some of the jurors setting forth facts thought to show misconduct in the jury room. In substance, those charges, none of which are denied, are substantially as follows:

The jury, after electing a foreman, agreed to take an informal and non-binding ballot "just to see how the jury stood." Each juror prepared a written ballot and passed it to the foreman, and he, after counting them, announced that the jury stood eleven for the defendant and one for the plaintiff. Following this announcement, requests were made that the court's instructions be read and also that a formal ballot be taken, but the foreman at once signed the verdict for the defendant and announced that there was no need for the jury to further consider the case. Objections and protests followed, and three of the jurors announced that they would, on a formal ballot, vote in favor of the plaintiff, and that they were unwilling to be bound by the informal ballot. Other jurors joined in the request for a formal ballot and protested the

claim made by the foreman that the verdict as signed by him was binding. The foreman refused all requests and demands, declined to ask the court for a new verdict form or to destroy the one which he had signed, and upon his insistence, that verdict was returned into court. The jury was then polled, and ten of them announced that the verdict so returned was their verdict, while two answered "no" when polled. The court received the verdict, and it was regularly filed.

Under Rem. Rev. Stat., § 358 [P. C. § 8524], the verdict of the ten jurors is sufficient in civil cases, and when ten jurors have agreed upon a verdict it is their duty to have it signed by their foreman and returned into court.

Rem. Rev. Stat., § 359 [P. C. § 8525], reads:

"When the verdict is returned into court either party may poll the jury, and if ten of the jurors answer that it is the verdict said verdict shall stand. In case ten of the jurors do not answer in the affirmative the jury shall be returned to the jury-room for further deliberation."

This verdict fully met the statutory test, and the question now is: Can it be impeached by the jurors whose verdict it was?

Assuming that the attitude and actions of the foreman were dictatorial, dogmatic and wholly improper, are those matters such as inhere in the verdict?

We have little actual knowledge of what takes place within the jury room, but it is not going too far, we think, to say that frequently the strong characters dominate the weaker ones; and to open the door to testimony showing such practices, would be to imperil every verdict hereafter rendered and make jury trials most uncertain in their results.

Under the statute, misconduct on the part of the jury is made sufficient ground for granting a new trial.

Rem. Rev. Stat., § 399 [P. C. § 8225], so far as is here material, reads:

"The former verdict or other decision may be vacated and a new trial granted, on the motion of the party aggrieved, for any of the following causes materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;

"2. Misconduct of prevailing party or jury; and whenever any one or more of the jurors shall have been induced to assent to any general or special verdict to a finding on any question or questions submitted to the jury by the court, other and different from his own conclusions, and arrived at by a resort to the determination of chance or lot, such misconduct may be proved by the affidavits of one or more of the jurors; . . ."

Thus, it will be seen that the statute authorizes the jurors to impeach their own verdict only where that verdict has been arrived at by chance or lot.

Manifest mistakes may, of course, be corrected by proper procedure. *Beglinger v. Shield,* 164 Wash. 147, 2 P. (2d) 681. No rule is more firmly established than that which forbids a juror to impeach his own verdict. The difficulty usually lies in determining what inheres in a verdict and what does not. *State v. Parker,* 25 Wash. 405, 65 Pac. 776.

Our previous cases upon the subject are collated, discussed and considered in *Lyberg v. Holz,* 145 Wash. 316, 259 Pac. 1087, and the conclusion there reached follows the pronouncement of this court in *State v. Parker, supra,* and in *Maryland Casualty Co. v. Seattle Electric Co.,* 75 Wash. 430, 134 Pac. 1097, to the effect that the court may consider the affidavits of jurors so far as they state the facts showing misconduct, but not as they attempt to show the effect of the misconduct

upon the verdict. The later cases of *State v. Nicely,* 171 Wash. 439, 18 P. (2d) 503, and *Martin v. Monk,* 173 Wash. 134, 22 P. (2d) 51, in no way depart from our established rule.

Applying that rule here, we may assume that the conduct of the foreman was as stated in the affidavits, and we may go even further and assume that such conduct unduly influenced the jurors or some of them while they were in the jury room; but when the jurors, still under oath as such, were solemnly polled in the presence of the court and under its direction, we cannot assume that any juror so far forgot his oath and his duty thereunder as to then make a false answer.

Unlike the *Lyberg* case, *supra,* here there was no improper fact or evidence brought to the attention of the jury. The misconduct consisted of an attempt to dominate only; and when the jury returned to the presence of the court and to its protection, the domination must necessarily have ceased. Each juror then stood before the court charged by his oath and his conscience to then and there register his honest convictions, and presumably each juror did so. No juror can now be permitted to say that he did not do so. The matters here relied upon clearly inhere in the verdict.

The motion for a new trial was properly denied, and finding no error, the judgment is affirmed.

HOLCOMB, MAIN, BEALS, and GERAGHTY, JJ., concur.