### DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 12125. Department Two. December 22, 1914.]

### THE STATE OF WASHINGTON, *Respondent*, v. MARY M. JOHNSTON, *Appellant*.[1]

CRIMINAL LAW — TRIAL — SELECTION OF JURY — NUMBER OF CHALLENGES — "CAPITAL OFFENSES" — STATUTES — CONSTRUCTION. Under Rem. & Bal. Code, § 2138, providing that, in prosecutions for capital offenses, the defendant may challenge peremptorily twelve jurors, and six jurors in prosecutions for offenses punishable by imprisonment in the penitentiary, "capital offenses" refers only to those punishable by death; and the death penalty having been abolished, the right to twelve peremptory challenges is suspended; and the fact that the crime was committed prior to the abolishment of the death penalty is immaterial, where the accused was not insisting on the application of the capital penalty.

SAME — APPEAL — PRESERVATION OF GROUNDS — MISCONDUCT OF COUNSEL — RECORD — WAIVER OF ERROR. Error in misconduct of the prosecuting attorney in his argument to the jury cannot be urged where the only foundation laid was exceptions to the alleged use of certain language, it was not claimed that the misconduct was so flagrant that it could not be cured by instructions, no instructions were requested, and the offending language was not preserved in the record.

APPEAL — RECORD — AFFIDAVITS. Misconduct of counsel in argument to the jury occurring in the presence of the court cannot be shown on appeal by affidavits setting forth the acts constituting such misconduct; since the language used must be certified to by the trial judge.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered October 27, 1913, upon a trial and conviction of murder. Affirmed.

[1]Reported in 144 Pac. 944.

*Robertson & Miller, Rosenhaupt & Grant,* and *Harry L. Cohn,* for appellant.

*Geo. H. Crandell* and *F. M. Goodwin,* for respondent. ·

ELLIS, J.—The defendant was charged with the crime of murder in first degree, which it is alleged she committed on April 29, 1913, in Spokane county, by then and there administering to her son, Raymond O. Johnston, strychnine, with premeditation to compass his death.

The cause came on for trial on June 19, 1913. On June 26, 1913, the jury returned a verdict finding the defendant guilty as charged in the information. The defendant moved for a new trial, and also moved in arrest of judgment. Both of these motions were overruled. From the judgment of conviction and sentence to confinement at hard labor in the penitentiary for a period not less than the term of her natural life, the defendant prosecutes this appeal.

It is claimed that the court erred (1) in refusing to permit the appellant to exercise more than six peremptory challenges in selecting the jury; (2) in refusing to grant a new trial on the ground of misconduct of the prosecuting attorney in the course of his argument to the jury.

I.    The first objection is merely stated without argument or sustaining authority. We assume, however, that it is based upon the statute, Rem. & Bal. Code, § 2138 (P. C. 135 § 1167), which, so far as pertinent, reads:

"In prosecution for capital offenses, the defendant may challenge peremptorily twelve jurors; in prosecution for offenses punishable by imprisonment in the penitentiary, six jurors; in all other prosecutions, three jurors."

It is clear that the twelve challenges are only allowed in prosecutions for capital offenses. A capital offense is one which may be punishable with death. Black's Law Dictionary (2d ed.), p. 167. *Ex parte Walker,* 28 Tex. App. 246, 13 S. W. 861; *Ex parte McCrary,* 22 Ala. 65; *Ex parte Dusenberry,* 97 Mo. 504, 11 S. W. 217. The statute above

quoted obviously uses the term "capital offenses" as so defined. The second clause, by allowing only six peremptory challenges in prosecutions for offenses punishable by imprisonment in the penitentiary, in effect defines such offenses as not capital. Capital punishment was abolished in this state by the act approved March 22, 1913, Laws 1913, p. 581 (3 Rem. & Bal. Code, § 2392), which went into effect on June 9, 1913, ten days before this case was called for trial. The first clause of the statute relating to peremptory challenges above quoted was clearly suspended by the abolition of capital punishment. Since there is now no capital punishment in this state, there are no capital offenses, hence no offense in prosecution for which the provision for twelve peremptory challenges can be invoked. No amount of argument could add to the clear sequence of this conclusion.

It is intimated by counsel that, inasmuch as the law abolishing capital punishment went into effect after the commission of the crime though before the trial, the twelve peremptory challenges should have been allowed. The suggestion loses all point when it is remembered that the appellant was not insisting upon the application of the capital penalty in case of her conviction. She can hardly repudiate the one result and claim the other.

II. At the close of the argument and when the jury had retired for deliberation, the following took place in open court:

"Mr. Cohn: We desire to except to the statement made by Mr. Crandell that the defendant has been slowly poisoning the deceased by arsenical poisoning, and this fact was communicated to the attorneys for the defendant and they in turn refused to permit the doctor to testify to his symptoms, as being the highest error that could be committed.

"The Court: The exception is allowed.

"Mr. Cohn: And we further except to the statement that, if the prosecution had been permitted to, they could have shown other evidence, and the further statement meaning the

plaintiff had not been permitted to show everything, as being clearly error.

"The Court: The exception is allowed. I do not recall that second statement that you refer to.

"Mr. Cohn: If your honor will recall, that is when I got up and branded it as a falsehood, when he said in all probabilities—

"The Court: Yes, I remember.

"Mr. Miller: And we desire to except to the closing remarks of counsel wherein he spoke of the heinousness of the offense and of the crime and the necessity of the jury performing their duty as the coroner had performed his, the prosecutor his, and they should theirs, as a statement to the jury that the belief of the prosecutor was that the defendant was guilty, and the further numerous statements of the prosecutor as to what he believed the evidence was.

"The Court: The exceptions are allowed.

"Mr. Cohn: Using the expression right in that connection repeatedly throughout his argument that he believed with all his heart certain things.

"Mr. Crandell: The court will not, of course, certify to this without permitting us to offer our amendments?

"The Court: No.

"Mr. Crandell: The exceptions are allowed?

"The Court: The exceptions are allowed.

"Mr. Crandell: We simply want an opportunity when it comes to making up the statement."

This is all that can be found in the record proper touching the incident.

It will be observed that counsel did not ask for an instruction that the jury disregard the alleged statements, did not ask that the jury be discharged from further consideration of the case, did not claim that the misconduct was so flagrant as not to be cured by an instruction to disregard, but contented himself with a formal exception. Something more than a mere exception is essential. *State v. Meyerkamp,* 82 Wash. 607, 144 Pac. 942.

It will also be observed that the context and occasion of the offending language is not preserved in the record, nor even what purports to be the exact language used. The

prosecuting attorney did not admit its use nor did the trial judge express any definite opinion on the matter. This phase of the case is ruled by our decision in *State v. Jakubowski*, 77 Wash. 78, 137 Pac. 448, where we said:

"This objection is unavailing for two reasons. In the first place, the alleged objectionable remarks were made in the presence of the court. They could have been, and should have been, preserved in the record in context, and certified by the trial judge as actually having been made. As the record stands, the trial judge merely certified that counsel for appellant claimed that they were made, and objected thereto."

These considerations clearly distinguish this case from the situation presented in *Cranford v. O'Shea*, 75 Wash. 33, 134 Pac. 486. There the whole of the offending argument was preserved in the record in its context, and was certified by the trial judge as having been made, in so many words. The distinction is too plain to require comment.

It is true that a copy of an affidavit of one of the attorneys for the appellant appears in the statement of facts in which he sets out what he claims to be the substance of the objectionable statements, but these things are denied by an affidavit of the prosecuting attorney in which the purport of what he claims he said is set out in materially different terms from those claimed by the other side, and in a connection which would render it legitimate argument based upon the evidence which was to the effect that certain symptoms of the deceased indicated slow arsenical poisoning. Such argument is always permissible. *State v. Peeples*, 71 Wash. 451, 129 Pac. 108. There is nothing in the whole of the record indicating any opinion of the trial judge as to the correctness of either of these versions, beyond the significant fact that, in his order overruling the motion for a new trial he makes no reference to any affidavit filed in support of the motion. It is reasonable to assume that he acted upon his own knowledge of what actually occurred. Moreover these affidavits

are not referred to in the motion for a new trial so as to be identified thereby, nor are they referred to in the judge's certificate to the statement of facts. The motion merely states that it will be supported by affidavits "to be filed" and the judge's certificate merely directs that the exhibits referred to in the statement of facts be attached thereto. It makes no reference to any affidavit used or offered on the motion for a new trial. It is extremely doubtful whether these affidavits are sufficiently identified in any manner to constitute any part of the certified record. *International Development Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28.

Be that as it may, we cannot, in any event, under the repeated decisions of this court, consider these affidavits. Whatever the true purport of the incident complained of, it occurred in the immediate presence and hearing of the trial court. What actually occurred was a matter peculiarly within the knowledge of the trial judge. Either a stenographic report of the argument or a statement of the trial judge as to what was its purport, would have given it to us from an authentic source. It would have been easy to have preserved the language in context, either by the court stenographer, or by a request that the judge reduce it to writing in such form that he could certify it as the substance and connection of what was actually said. The case falls directly within the rule announced in *Maryland Casualty Co. v. Seattle Elec. Co.,* 75 Wash. 430, 134 Pac. 1097; and followed in *Loy v. Northern Pac. R. Co.,* 77 Wash. 25, 137 Pac. 446. In the first of these cases touching the use of affidavits under the statute governing motions for a new trial, we said:

"It will be noted that some of the situations contemplated by the first three of the grounds for a new trial might arise upon matters occurring in open court during the progress of the trial, and the facts would then appear as a part of the record. In such a case, it is obvious that affidavits presenting such facts would be unnecessary and improper. Other situations contemplated by any one of these four subdivisions might arise out of matter not occurring in open court during

the progress of the trial, and hence not appearing in the record. In such a case, evidence *aliunde* the record would be not only proper but necessary to any disclosure of the facts relied upon for a new trial."

In the *Loy* case, touching a situation the exact analogue of that here presented, we said:

"On the question of the misconduct of counsel, it appears that the objectionable remarks were made in the presence of the court during the trial and might have been preserved, either by the stenographer, or upon request the court itself might have reduced them to writing. This, however, was not done. Upon motion for new trial, the defendant's counsel, by affidavit, set forth his version of the objectionable remarks. The plaintiff's counsel answered, denying and setting forth their version of the same. The trial judge has included both affidavits in the statement of facts but does not certify as to which, if either, correctly contains the substance of the language used. The language having been used in the presence of the court, it should have been certified to by the court and made a part of the statement of facts. To permit such facts to be presented by affidavits gives rise to an unseemly contest between counsel upon matters that occurred in open court during the progress of the trial, and in the interest of orderly procedure should not be tolerated. The objectionable language not having been preserved in the statement of facts, it cannot here be reviewed."

The language there quoted from *Rayburn v. Central Iowa R. Co.*, 74 Iowa 637, 35 N. W. 606, 38 N. W. 520, is also peculiarly pertinent here. See, also, *State v. Jakubowski, supra*, and *State v. McGonigle*, 14 Wash. 594, 45 Pac. 20. Viewing the matter from whatever angle we may, we fail to find a sufficient predicate in the record to sustain the claim of prejudicial misconduct.

The motion for a new trial was based upon many grounds. No other grounds than those which we have discussed are, however, argued in the appellant's brief. The evidence of guilt, though circumstantial, tended strongly to establish every element of the crime as charged. In fact, it is not

seriously contended that it was insufficient to sustain the verdict. The court's instructions to the jury were concise, clear and free from error. No question is raised as to their sufficiency or correctness.

The judgment is affirmed.

CROW, C. J., MOUNT, MAIN, and FULLERTON, JJ., concur.