[No. 12449.   Department One.   June 23, 1915.]

GEORGE R. GARDNER, *as Guardian etc., Respondent,* v.
DORCAS M. SPALT, *Appellant.*[1]

WITNESSES—IMPEACHMENT—IMMORALITY. Upon the cross-examination of a witness, she may be required to answer as to whether she had not been convicted of keeping a house of prostitution.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. It is not necessarily prejudicial error to receive in evidence upon cross-examination a letter containing self-serving declarations that were immaterial, instead of permitting only the material part to be read to the jury, where, on request, the court instructed the jury to disregard the improper parts.

SAME—REVIEW—ERROR INVITED BY APPELLANT. Error cannot be predicated upon the admission of the entire record in a certain case, where the error was invited by appellant by insisting that the whole record go in, upon the offer of only a part of it.

SAME—REVIEW—HARMLESS ERROR—INSTRUCTIONS. It cannot be assigned that a general instruction upon the limitation of certain evidence is insufficient where no more specific instruction was requested.

TRIAL—SCOPE OF EVIDENCE—REBUTTAL. Where respondent had been satisfied to submit a check as bearing its own evidence of a different handwriting, and appellant undertook to establish that it was in the handwriting of the drawer, and so testified, it is not prejudicial error to allow a handwriting expert to testify in rebuttal that part of it was not in the drawer's handwriting.

APPEAL — RECORD — STATEMENT OF FACTS — IMPROPER ARGUMENT. Error cannot be predicated upon improper argument to the jury, not disclosed by the statement of facts and shown only by affidavits in support of a motion for a new trial.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 26, 1913, upon the verdict

[1]Reported in 149 Pac. 647.

of a jury rendered in favor of the plaintiff, in an action to recover money paid. Affirmed.

*H. W. Lueders,* for appellant.

*Everal R. Vaughn* and *F. W. Greenman,* for respondent.

CHADWICK, J.—Nels Martenson has been a victim of a recurring insanity since the year 1896, when he was first committed to an asylum in this state. He was committed and discharged several times. For some time prior to June 10, 1912, he had been employed as a laborer and section boss by the Oregon-Washington Railway & Navigation Company. He had accumulated and had on deposit in a local bank in Tacoma about $700. For a long time, he had made his home at a hotel kept by the appellant. About June 17, 1912, he again became ill. He was treated by Dr. James, the company's physician, and was on his advice recommitted to the asylum on August 6 of that year. He was discharged as improved December 12, and sometime about January 1, 1913, was recommitted.

On or about June 10 or 18, 1912—the testimony is not clear or satisfactory—Martenson signed a check in favor of the appellant for $690. The check is dated August 1, 1912, it being explained that, if the money was taken out of the bank before that time, accumulated interest would be lost. A guardian for the estate of Martenson was thereafter appointed, who brought this suit to recover the amount realized upon the check by appellant.

It is insisted by appellant that Martenson was owing her about $1,200 for room and board and that the check was given in part payment of the account. We shall not recite the many details which must have been considered by the jury and which inhere in its verdict. It is enough to say that there is testimony and inferences from testimony which, if believed, is sufficient to warrant the jury in finding that Martenson was insane at the time the check was drawn. This

conclusion disposes of the assignment of error going to the overruling of a motion for a nonsuit.

The appellant was asked if she had not been convicted of the crime of running a house of prostitution, and was required to make answer by the court. This was not error. The holding was within the rule laid down in *State v. Coella,* 3 Wash. 99, 28 Pac. 28; *State v. Blaine,* 64 Wash. 122, 116 Pac. 660; *State v. Stone,* 66 Wash. 625, 120 Pac. 76; *State v. Overland,* 68 Wash. 566, 123 Pac. 1011; *State v. Jackson,* 83 Wash. 514, 145 Pac. 470.

On the direct examination of Dr. Snook, who had treated Martenson for a short time, he was asked if he had received a letter from Mr. Vaughn, attorney for the estate, the object being to justify an inquiry made by the doctor as to the giving of the check to appellant and whether Martenson was sane at the time, or, being thereafter sane, ratified his act by expressing satisfaction with what he had done. On cross-examination, after proper identification, the letter and the answer to it were admitted. The reception of Mr. Vaughn's letter is assigned as error. It does contain matter that is immaterial, and it would have been better to have rejected it entirely or permitted only that part of it that might be material to be read to the jury, but we are not disposed to hold the error prejudicial.

Counsel for appellant objected because "parts of it are not proper here, and parts of it are self serving declarations." The court then said: "I think considering it is a matter you brought out about Mr. Vaughn's letter that both letters may be admitted." To which Mr. Lueders responded: "I want the court to instruct the jury concerning the latter part of the letter." The court accordingly instructed the jury:

"That the declarations made by E. R. Vaughn in his letter to Dr. Snook Jan. 20, 1913, can not be considered as facts in the case, but the letter is admitted merely as bearing on the statements of Dr. Snook in this case."

We cannot assume that the jury wilfully ignored this instruction. Neither is it clear to us that any exception was taken to this instruction, nor did appellant request an instruction upon this phase of the case. Jurors are usually possessed of common understanding and, in the absence of a showing to the contrary, are presumed to have followed the directions of the court.

Error is also assigned in that the court permitted the introduction of all of the proceedings in the probate department of the court upon which the guardianship is founded. Certain affidavits tending to show the mental condition of Martenson were attached to the petition. The record as made is as follows:

"Mr. Greenman: By reason of the fact that counsel changed his admission made at the opening of the trial, we wish to offer the records in the matter of the guardianship of Nels Martenson, 8283, of this court, including the order of Judge Clifford authorizing this suit. Mr. Lueders: We object to the record, because it contains statements of facts and affidavits. The Court: Is it for the purpose of showing the right to bring this suit under order of the court? Mr. Greenman: That is the only object. The Court: Well, let the order be offered. Mr. Greenman: We wish also to offer the original notice and petition for appointment as guardian, in view of the fact that they have brought in a witness and testified that Mr. Vaughn asked for his own appointment. Mr. Lueders: I think I do not want the order to go in unless the whole record goes in. I do not think the order is competent for the reason that it assumes, and the jury might assume from the order, that Judge Clifford had determined the merits of this case. The Court: I will instruct the jury on that point. The entire record will be admitted."

If this was error it was invited by counsel and will not avail appellant. *Davidson Fruit Co. v. Produce Distributors Co.*, 74 Wash. 551, 134 Pac. 510; *Olson v. Carlson*, 83 Wash. 415, 145 Pac. 237; *Lantz v. Moeller*, 76 Wash. 429, 136 Pac. 687, 50 L. R. A. (N. S.) 68.

The court instructed as follows:

"The court instructs the jury that an order was made by Judge Clifford of this court, authorizing the guardian in this case to bring this action. You are not to consider that fact in any way as bearing on the merits of this case. This case is to be determined by you solely on the evidence adduced upon this trial."

No more specific instruction was requested. It would follow, then, that, whether the error was invited or not, the assignment is without merit under the theory applicable to the assignment last before discussed.

It is claimed that the court committed error in permitting a witness who had qualified as an expert in handwriting to testify in rebuttal that a part of the check was not in the handwriting of Martenson. We think that the verdict of the jury should not be set aside for this reason. It is evident that respondent, after asking a witness in chief to express an opinion which he immediately qualified by an observation that he did not want to pose as an expert without having something more to go by than a bare signature, was satisfied to submit the check as bearing its own evidence of a different handwriting in so far as the amount was concerned. Appellant seemingly accepted this theory, for she undertook to establish the fact that the check was in the handwriting of Martenson. She so testified. The state of the record at the time of the offer was such as to justify the admission of the testimony.

Error is predicated upon the giving and refusal to give instructions. We have read and compared the instructions given and refused and find no error. The jury was fully and fairly instructed upon every phase of the case.

Finally, it is contended that counsel was guilty of misconduct in addressing the jury. Granting, without deciding, that this is so, the statement of facts does not disclose the improper language or the rulings of the court. Error in this regard cannot be predicated, and will not be considered

by this court, upon the affidavits submitted in support of a motion for a new trial. *State v. Meyerkamp*, 82 Wash. 607, 144 Pac. 942; *State v. Johnston*, 83 Wash. 1, 144 Pac. 944.

Affirmed.

MORRIS, C. J., HOLCOMB, MOUNT, and PARKER, JJ., concur.