[No. 18907. Department Two. December 9, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v.
W. A. GODWIN, *Appellant*.[1]

CRIMINAL LAW (441)—APPEAL—REVIEW—VERDICTS. The supreme court cannot set aside a verdict of guilty on conflicting evidence, where there is substantial evidence to support it.

RAPE (17) — WITNESSES (101) — IMPEACHMENT — CHASTITY OF PROSECUTRIX. In a prosecution for carnally knowing a female child under the age of consent, it is reversible error to deny the accused the right to question the prosecuting witness as to her prior chastity, to affect her credibility as a witness.

CRIMINAL LAW (234)—TRIAL—OBJECTIONS—SCOPE. The exclusion of evidence of the unchastity of a witness to affect her credibility is not warranted by the fact that the questions were indefinite.

SAME (227)—TRIAL—SCOPE OF EVIDENCE IN REBUTTAL. It is error to admit, in rebuttal, numerous letters claimed to contradict statements of the accused, containing matters that might be highly prejudicial to the accused, when only one or two even indirectly and remotely by inference tend to contradict his statements.

SAME (292)—INSTRUCTIONS—REASONABLE DOUBT. It is proper to refuse an instruction that each juror must be individually convinced in his mind of the guilt of the accused beyond a reasonable doubt and if not, he ought not to yield his opinion and forego it out of mere deference to the greater number of jurors of a contrary mind; since he may well consider whether a doubt in his mind is a reasonable one when it makes no impression on others, and may properly change his view and consent to a verdict which he would not render alone.

[1] Reported in 230 Pac. 831.

SAME (292). It may be proper to give, but not alone sufficient to constitute reversible error to refuse, an instruction that evidence susceptible of two constructions should be given the construction consistent with innocence, rather than with guilt, unless the other evidence establishes guilt beyond a reasonable doubt.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 5, 1924, upon a trial and conviction of statutory rape. Reversed.

*M. J. Gordon, G. C. Nolte,* and *A. J. Croteau,* for appellant.

*J. W. Selden* and *J. A. Sorley,* for respondent.

FULLERTON, J.—The appellant, Godwin, was convicted of the crime of carnally knowing a female child, the child being at the time of the commission of the offense under the age of consent.

The first assignment of error to be noticed is, that the evidence does not justify the verdict of the jury. The date of the commission of the offense was laid as of June 30, 1923, and the appellant's evidence tended somewhat strongly to show that he was not at the scene of the crime at that time. But, without going into the evidence in detail, it is enough to say that the evidence on the question was conflicting, and that there was substantial evidence to support the contrary view. The trial court may set aside a verdict on conflicting evidence, but the powers of this court are more limited. We can interfere with the verdict of a jury only where we find no substantial evidence in its support.

Of the trial, errors assigned there are two which we think of sufficient moment to require a new trial. The first is that the trial court denied the appellant the right to question the prosecuting witness as to her prior chastity. This was error under the authority of the following cases: *State v. Coella,* 3 Wash. 99, 28 Pac. 28; *State v. Katon,* 47 Wash. 1, 91 Pac. 250; *State v.*

*Workman,* 66 Wash. 292, 119 Pac. 751; *State v. Jones,*
80 Wash. 588, 142 Pac. 35; *State v. Jackson,* 83 Wash.
514, 145 Pac. 470; *Gardner v. Spalt,* 86 Wash. 146, 149
Pac. 647; *State v. Terry,* 99 Wash. 1, 168 Pac. 513;
*State v. Pickel,* 116 Wash. 600, 200 Pac. 316, 204 Pac.
184.

We have not overlooked the argument of the state
to the effect, that the questions asked the witness were
too vague and indefinite to come within the rule of the
cited cases. It is true that counsel did not use the more
conventional terms in framing the questions, but it
would be too much to say that the court did not under-
stand them. If it were thought that the questions were
too indefinite for the understanding of the witness, it
was within the discretion of the court to cause them
to be made more direct, and this should have been the
remedy rather than the remedy of exclusion. But we
do not understand that this was the ground on which
the court excluded the questions. If we read the record
aright, it excluded them because it thought the inquiry
immaterial—that it was no defense to the act, even
though the prosecuting witness had been of previous
unchaste habits and character. As matter of law, this
latter proposition is undoubtedly correct, but this was
not the purpose of the inquiry. The evidence of the
crime rested largely in the testimony of the particular
witness, and the fact to which the questions were di-
rected went to her credibility.

The state in rebuttal was permitted, over the de-
fendant's objection, to introduce a series of letters
written by the appellant, addressed in part to the
prosecuting witness and in part to other members of
her family. The letters were admitted on the theory
that they tended to contradict certain statements made
by the appellant while on the witness stand. An exami-

nation of them shows that none of them directly contradicts his testimony, and it is only by a somewhat remote inference that any of them can be said to do so indirectly. But it is only one or two of them that carry even this latter inference, and only these should have been admitted. On the other side, it is easy to see how the letters might be highly prejudical to the appellant. They are the letters of an intimate of the family, and contain references and allusions not understandable to one not acquainted with the circumstances under which they were written or the matters to which they relate. An erroneous inference could easily be drawn from them, and the jury should not have been permitted to speculate as to their meaning. There was, moreover, no instruction limiting their consideration to the purpose for which they were introduced.

The case was one in which the defendant's rights should have been carefully guarded. The prosecuting witness, while young, was precocious beyond her years. Her testimony betrays a knowledge of matters sexual which it is hard to believe she could have acquired solely from her related relations with the appellant. Furthermore, this was the second trial of the cause. At this trial, the prosecuting witness added to her former testimony some very damaging circumstances which she had forgotten while testifying at the earlier hearing—circumstances which it would seem that innocency or ignorance would have kept foremost in her mind. The question of the appellant's guilt, however, as we have said, was for the jury. These matters are mentioned to show the necessity of adhering to the strict rules governing the admission of evidence.

The appellant requested the following instructions which the trial court refused to give:

"You are instructed that the defendant is entitled to the benefit of the individual judgment of each juror

upon the evidence in this case; in other words, before you can find the defendant guilty all twelve of your number must be convinced beyond a reasonable doubt that his guilt is shown by the evidence in this case, and if after consideration of all of the evidence and full conference with his fellow-jurors any juror should entertain a reasonable doubt as to the guilt of the defendant being established by the evidence, such juror ought not to yield that opinion or forego it out of a mere deference to the greater number of jurors who may be of contrary mind.

"The jury are instructed that as to any fact or circumstance appearing in the evidence which is susceptible of two constructions, one consistent with the innocence of the defendant and the other consistent with his guilt, it is the duty of the jury to adopt that construction which is most favorable to the defendant and to acquit him, unless the other evidence in the case establishes his guilt beyond a reasonable doubt."

With reference to the first of the requests, it is the duty of jurors to reason together and reconcile their discordant views when possible. While a juror should not consent to a verdict which he thinks contrary to the evidence out of mere deference to his fellow jurors, yet he may well consider whether a doubt in his mind is a reasonable one which makes no impression on the minds of others, equally honest and equally intelligent with himself, who have heard the testimony out of which the doubt arises, and he may properly change his views because of this consideration. In other words, he can properly doubt the correctness of his own opinion, when it is not concurred in by his fellow jurors, and may, without a violation of his oath, consent to a verdict which he would not alone render. It is our opinion, therefore, that the instruction was liable to be misleading, and that it was not error to refuse to give it in the form presented.

The second requested instruction could have been properly given because of certain evidence appearing in the record, although we cannot think its refusal reversible error were it alone to be considered.

Other errors assigned require no special consideration.

The judgment is reversed and a new trial awarded.

MAIN, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.