[No. 20511. Department Two. September 30, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. D. S. SMITH
*et al., Appellants.*[1]

[1] WITNESSES (104)—CREDIBILITY—ACCUSATION OF CRIME. On
cross-examination of a paid investigator, testifying on behalf
of the state, it is prejudicial error to exclude a question as to
whether the witness was not living in adulterous relations with
a woman; since the same was competent to affect his credi-
bility.

[2] GAMING (18)—CRIMINAL RESPONSIBILITY—TRIAL—INSTRUCTIONS.
In a prosecution for conducting a gambling game, it is error to
refuse an instruction upon an issue as to accused's ownership
of the place, which he had leased, to the effect that he would
not be liable if he had assigned the lease and had no further
connection with the place, thereafter conducted as a gambling
joint.

Appeal from a judgment of the superior court for
King county, Kinne, J., entered May 27, 1926, upon a
trial and conviction of conducting a gambling game.
Reversed.

*Walter Metzenbaum,* for appellants.

*Ewing D. Colvin* and *Ethan Allen Peyser,* for re-
spondent.

ASKREN, J.—This appeal is prosecuted from convic-
tion and sentence upon a charge of being gamblers.
A large number of errors are assigned, but two of
which require any extended discussion.

[1] The first arises upon the question of whether
the court improperly sustained objection to the cross-
examination of the state's witness Shoeneman. The
witness, who had given damaging evidence against ap-
pellants, having been employed as a paid investigator
on the ·case, was asked, upon cross-examination, if he

[1]Reported in 259 Pac. 711.

had not lived in adulterous relations with a woman in Portland. An objection was sustained to the question. He was then asked if he was not, at the time of the trial, living in adulterous relations with the same woman, or another, in the city of Seattle. An objection was also sustained to this question.

These rulings were erroneous and prejudicial, requiring a reversal of the case. We have consistently held that such questions are proper to affect the credibility of a witness and should be permitted on cross-examination. *State v. Coella,* 3 Wash. 99, 28 Pac. 28; *State v. Jones,* 80 Wash. 588, 142 Pac. 35; *State v. Jackson,* 83 Wash. 514, 145 Pac. 470; *Gardner v. Spalt,* 86 Wash. 146, 149 Pac. 647; *State v. Arnold,* 130 Wash. 370, 227 Pac. 505; *State v. Godwin,* 131 Wash. 591, 230 Pac. 831.

The state urges that there was no error, because the record shows that, after objection was made and sustained to the first question, the witness made the voluntary answer, "That is not true," and that therefore the question was answered. But the record is very clear that all parties to the controversy considered the question as being unanswered, for, after much colloquy, the matter was finally summed up as follows:

"MR. METZENBAUM: I understand, in order to make the record complete, the objection is sustained to the question as to whether he did live with a woman in an adulterous relation in Portland, and also the same thing in Seattle. THE COURT: Yes."

But if it be conceded that an answer was made as to the question concerning the witness' immoral relations in Portland, there can be no doubt that there was no answer given to the question as to the city of Seattle. Appellant was entitled to have both questions answered.

[2] The court also refused to give certain instructions requested by the appellant Silver. It was his contention that he had leased the premises for another person and had assigned the lease some time prior to the offense charged. He requested an instruction to the effect that, even though he had secured the lease, if he thereafter assigned the same to another party, and had no further connection with the premises, he would not be guilty, because his assignee had thereafter conducted the place as a gambling resort. The instruction was in line with the evidence offered and presented fairly the contention of appellant, and should have been given.

Judgment reversed, with instructions to grant a new trial.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and MAIN, JJ., concur.