[No. 21732. Department One. April 22, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. W. D. GAFFNEY *et al.*, *Appellants.*[1]

[1]Reported in 276 Pac. 873.

*John F. Aiken,* for appellants.

*Chas. W. Greenough* and *Frank Funkhouser,* for respondent.

BEALS, J.—The defendants were informed against upon three counts, all charging violation of the laws against sale or possession of intoxicating liquor, the third count alleging their possession of intoxicating liquor with intent to sell the same. The jury found defendants not guilty of the first and second counts, but found them both guilty under count three; and from a judgment entered on the verdict and a fine imposed pursuant thereto, defendants appeal.

Appellants assign error upon the refusal of the trial court to grant them a new trial because of alleged error in sustaining objections to certain questions, propounded on cross-examination by appellants' counsel to a witness testifying on behalf of respondent. This witness had been in the employ of the state as a paid investigator, and testified on behalf of the prosecution. The witness, on cross-examination, testified that he had been convicted of a crime; and on redirect examination, counsel for respondent asked the witness the nature of the crime of which he had been convicted. To this question, appellants' counsel objected, his objection being overruled.

The ruling of the trial court was correct. The witness having testified on cross-examination that he had been convicted of a crime, counsel for the state was entitled to ask the witness of what crime he had been convicted. The witness was, by the court, directly instructed to answer the question. In his answer he included, in addition to an answer to the question, an explanation of the circumstances as he claimed they existed. No motion was made to strike this portion

of the witness's answer, and as this portion of the record stands, the same is free from error.

The witness having answered on cross-examination by appellants' counsel that he was a married man and that his family resided in Portland, counsel for appellants propounded to him the following question: "Did you not have sexual connection with a woman during this investigation in Spokane?" To this question, an objection was interposed by counsel for respondent, which objection was by the court sustained.

In support of their contention that this ruling of the court constitutes reversible error, appellants cite the cases of *State v. Arnold,* 130 Wash. 370, 227 Pac. 505, and *State v. Smith,* 145 Wash. 250, 259 Pac. 711. In the case first cited, this court held that, in a prosecution for robbery, no error was committed by the court in permitting counsel for the state, on cross-examination, to question the accused concerning his conduct with a certain woman, and to ask that if, as a matter of fact, the defendant was not, at least for a portion of the time, living with this same woman. The defendant answered the question in the negative, and the matter was not pursued further. This court, citing the case of *Carr v. State,* 81 Ark. 589, 99 S. W. 831, held the question to be proper as tending to affect the credibility of the accused as a witness on his own behalf. The matter was disposed of by saying that, in any event, there was no prejudice because the defendant answered the question in the negative. In the Arkansas case of *Carr v. State, supra,* relied upon by this court, it was held that, on cross-examination of an accused charged with murder, it was proper to ask him, if he had not been intimate with a certain woman, and had not threatened to kill any man who ever went to see her or had anything to do with her. The wit-

ness answered the question in the negative, and the court held that the question was proper, and that, if it was not, no prejudice had resulted. In both of these cases, it is clear that the record disclosed no prejudicial error.

This question was properly decided, because no prejudice resulted, the negative answer of the defendant standing without further reference to the matter, and for the additional reason that the question was propounded on cross-examination of the accused himself, the defendant being properly subject to a more searching cross-examination than a mere witness, and, above all, because the matter was largely within the sound discretion of the trial court and no abuse of this discretion was shown.

The recent case of *State v. Smith, supra,* undoubtedly supports appellants' contention. In this case, it was held that the trial court had improperly sustained objections to the defendants' cross-examination of a witness for the prosecution. The defendants were being prosecuted as gamblers, and a paid investigator for the state, who testified on behalf of the prosecution, was asked, on cross-examination by defendants' counsel, if he had not maintained adulterous relations with a woman in a neighboring city. Upon the state's objection to this question being sustained, defendants' counsel asked the witness if he was not at the time of the trial, maintaining adulterous relations with a woman in the city of Seattle, to which question objection was also sustained. This court held that these rulings were erroneous and prejudicial, and reversed the judgment entered upon the verdict of the jury finding the defendants guilty.

In support of its holding that the rulings referred to constituted reversible error, several decisions of this court were cited, which we now discuss. *State v.*

*Coella,* 3 Wash. 99, 28 Pac. 28, is the earliest decision of this court bearing on this question. In that case, it was held that a witness for the state might be asked on cross-examination, for the purpose of impeaching her credibility, whether she was not a prostitute. To this question, an objection on behalf of counsel for the state was sustained, which ruling this court held was erroneous; it being stated that the witness could herself have refused to answer the question upon the ground that it would tend to incriminate her, but that this was a privilege personal to the witness and that the objection was erroneously sustained. It is important to note that the question was directed to the status of the witness at the time of the trial.

The case of *State v. Jones,* 80 Wash. 588, 142 Pac. 35, is also cited. This was a prosecution for seduction, and the prosecuting witness, on cross-examination, was asked as to certain suggested acts of immorality on her part prior to her alleged seduction by defendant. Objections to the questions were sustained, and it was held that this was a proper matter for inquiry, the previous chaste character of the prosecuting witness being an important issue in the case.

The case of *State v. Jackson,* 83 Wash. 514, 145 Pac. 470, is next cited. This was a prosecution for the crime of conspiracy to pervert and corrupt public justice. The accused undertook to prove the general reputation for morality of a female witness for the state. The trial court sustained an objection to this line of testimony, which ruling this court held erroneous. The witness sought to be attacked was a vital witness for the prosecution, without whose testimony this court found that it was unlikely any conviction could be had. There is a clear distinction between seeking to prove general reputation and asking a witness directly about certain specific acts.

In the case of *Gardner v. Spalt,* 86 Wash. 146, 149 Pac. 647, it was held that no error had been committed by requiring the defendant in the action to answer as to whether or not she had been convicted of the offense of conducting a house of prostitution. This was a civil action by a guardian for the recovery of money which had been paid to defendant by a man subsequently adjudged insane, which money the defendant claimed due her for room and board. Under the circumstances in the case, the question propounded to the witness was clearly proper.

The last decision cited by this court in the case of *State v. Smith, supra,* with the exception of *State v. Arnold, supra,* is that of *State v. Godwin,* 131 Wash. 591, 230 Pac. 831. In this case, which was a prosecution for statutory rape, it was held that the trial court had committed error in denying to the accused the right to cross-examine the prosecuting witness as to her prior chastity. This ruling of the trial court was, under the authorities, clearly erroneous and the case falls within the rule laid down in the case of *State v. Jones, supra.*

The importance of the question now before us has induced us to reexamine the principle laid down in the case of *State v. Smith, supra,* and to carefully study and compare the authorities bearing upon the question.

The well considered case of *State v. Belknap,* 44 Wash. 605, 87 Pac. 934, in which this court, speaking through Judge Rudkin, thoroughly discussed a question very similar to that now before us, is in point. The decision in this case does not appear to have been called to the attention of this court by the briefs in the case of *State v. Smith;* neither was it cited in the case at bar. The accused, having been convicted of the crime of seduction, appealed. Certain witnesses hav-

ing testified on behalf of the defendant that they had had sexual intercourse with the prosecuting witness prior to the date of the alleged seduction, counsel for the state, on cross-examination, propounded to these witnesses certain questions as to their relations with other women. Objections by defendant's counsel to these questions were overruled, upon which rulings of the trial court the defendant assigned error. The trial court, in overruling the objections of defendant's counsel, stated that the witness to whom the question was propounded need not answer the same unless he desired to, but held that the question in itself was proper. This court held that, in overruling certain of the objections of defendant's counsel, the trial court had committed reversible error. In the course of its opinion, this court said:

"Courtrooms are bad enough when their proceedings are conducted under proper restrictions, and they should not be made schools for scandal. The extent to which cross-examinations will be permitted is no doubt in a large measure in the discretion of the trial court; and it is difficult to draw the line as to where legal discretion as to the admission or exclusion of such testimony commences and where it ends; but we have no hesitation in saying that sound judicial discretion was abused in this case. Whether one of the witnesses was engaged to another woman, whether the engagement was broken off, and the circumstances surrounding such engagement, were questions wholly foreign to the issues in this case. The relations of the witnesses with other women, and whether one of them had been accused of or was guilty of bastardy, falls within the same category."

Citing Wharton, Criminal Evidence (9th ed.), § 472.

The court goes on to state that the fact that a witness was not required to answer a question, but was allowed to claim his privilege, was immaterial and that

the cross-examination had been so conducted as to deprive the defendant of a fair and impartial trial.

In considering a somewhat similar proposition, the opinion of the supreme court of West Virginia in the case of *State v. Hill,* 52 W. Va. 296, 43 S. E. 160, contains the following:

"It may be a question merely intended to embarrass the witness, worry the witness, exposing indecent things in court, tending to corrupt morals, and answering no fairly useful purpose on the trial. It almost invariably wounds the feelings of the witness and his family. It removes the mantle of oblivion and forgiveness, by reopening the pages of years past, and exposing acts done in the infirmity of human nature amid the temptations that beset life. If this door is open wide, the witness stand will be a terror; men will suppress evidence from fear of it, to the injury of public justice; and it will threaten both the worthy and unworthy witness, and be a cross upon which attorneys too zealous in their cause will crucify witnesses to suit their own ends. It would tend to disorder in courts. Rarely, very rarely, should it be tolerated. The rule that a witness can only be impeached by evidence of general reputation as regards truth and veracity would tend to forbid on cross-examination such disgracing questions."

The court of appeals of New York in the case of *La Beau v. People,* 34 N. Y. 223, in an able opinion says:

"But it is claimed that collateral evidence is allowable from the witness himself, tending to discredit and disgrace him; and that the asking of questions disparaging to the character of a witness, is a matter of right to a party on cross-examination. This is not so. The extent of the cross-examination of a witness upon matters immaterial to the issue, is in the discretion of the judge before whom the trial is conducted. Inquiries on irrelevant topics to discredit the witness, and to what extent a course of irrelevant inquiry may be pursued, are matters, in this state and in England, committed to the sound discretion of the trial court; and

this is the rule as regards the right of inquiry into all matters wholly collateral and immaterial to the issue. The court in which the trial is conducted may permit disparaging inquiries on matters irrelevant to the issue, where the ends of justice would seem to demand it, and may exclude them without infringing upon any legal right of the parties; and the exercise of this discretion is not the subject of review, except in cases of plain abuse and injustice.''

The following authorities also support the opinion of this court in the case of *State v. Belknap, supra*: *Great Western Turnpike Co. v. Loomis*, 32 N. Y. 127, 88 Am. Dec. 311; *Elliott v. Boyles*, 31 Pa. St. 65; *Buel v. State*, 104 Wis. 132, 80 N. W. 78; *Hayward v. People*, 96 Ill. 492; *State v. Carson*, 66 Me. 116; *Redsecker v. Wade*, 69 Ore. 153, 134 Pac. 5, 138 Pac. 485; *Litchfield v. State*, 8 Okl. Cr. 164, 126 Pac. 707.

A careful examination of the authorities satisfies us that the decision of this court in the case of *State v. Smith, supra*, was incorrect. The true rule is that the character of a witness may be shown by general reputation, and not by cross-examination as to specific acts of insinuated immorality along the line attempted to have been followed by appellants in the case at bar. A different rule applies in connection with the cross-examination of a party to an action, and cases in which courts have considered such cross-examination are not directly in point on the question now before us.

The decisions of this court cited in the case of *State v. Smith, supra*, were all correctly decided, and we do not wish to be understood as modifying any of the rules laid down thereby. In the case of *State v. Coella, supra*, the question propounded to the witness concerned her general manner of living and did not relate to any specific action on her part. Under the circumstances, the refusal of the trial court to permit the

witness to answer this question undoubtedly constituted error.

In prosecutions for seduction or statutory rape, as were the cases of *State v. Jones* and *State v. Godwin, supra,* it is undoubtedly the law that the prosecuting witness may be cross-examined as to her prior chastity. Such situations have no relevancy to the question now before us. The other cases cited have already been sufficiently distinguished. We are satisfied that the rule considered by this court in the case of *State v. Smith, supra,* was too greatly extended.

As held by the court of appeals of New York in the case of *La Beau v. People, supra,* the extent of cross-examination of a witness upon matters immaterial to the direct issue being tried, or on irrelevant topics brought in for the purpose of discrediting the witness, is very largely within the sound discretion of the trial court. It is impossible to lay down any hard and fast rule which will apply in all cases. The trial court, in the exercise of a sound and discriminating discretion, and in furtherance of justice, must consider all the circumstances of the case and rule upon each question as it is presented in view of all the circumstances before him.

The supreme court of Oklahoma in the case of *Litchfield v. State,* 8 Okl. Cr. 164, 126 Pac. 707, *supra,* assumes that the general rule is to the effect that specific acts cannot be proven for the purpose of impeaching the reputation of a witness for truthfulness. The court held that evidence as to the general reputation for morality of a young woman, who had been vitally concerned in the acts which led up to the prosecution of the defendant for manslaughter, was improperly received. A witness was asked, if he knew the general reputation of the woman "for truth or immorality." He answered that he did and that her reputa-

tion was bad. From subsequent testimony, it clearly appeared that the witness was intending to state that her reputation was bad from the moral standpoint. This evidence was held to have been erroneously admitted.

We are satisfied that, in the exercise of a sound discretion, the trial court did not err in sustaining objections to the questions propounded by appellants' counsel to the witness who was testifying on behalf of the prosecution.

We adhere to the doctrine laid down in the case of *State v. Belknap, supra,* and the judgment appealed from is affirmed.

MITCHELL, C. J., FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.