[No. 21709.   Department One.   April 22, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. L. A.
KNUTSON, *Appellant*.[1]

*M. H. Forde* and *Coleman & Fogarty*, for appellant.
*Charles R. Denney*, for respondent.

FULLERTON, J.—The appellant, Knutson, was con-
victed of the crime of having carnal knowledge of a
female child under the age of eighteen years.

In his assignments of error, the appellant first
complains that the court erred in refusing to sustain
some one of his challenges to the sufficiency of the evi-
dence.  But the prosecuting witness testified directly to
the overt act; and if it is to be said that the verdict is
without support, it must be because her testimony is
so unworthy of credence as not to amount in law to
substantial evidence.  But this we cannot say.  There
is nothing inherently improbable in her narrative of
the facts; that is to say, the act could have taken place

[1]Reported in 276 Pac. 862.

at the time and place and in the manner as she relates it.

The circumstance that most strongly militates against her story is that she made no complaint of the transaction for more than a year after its happening. But while this circumstance might have justified the jury in finding a verdict in favor of the appellant, and might have justified the trial court in setting aside the verdict returned and granting the appellant a new trial, it furnishes no ground upon which this court can set aside the judgment. We must find, before that result is reached, that there is no substantial evidence in support of the judgment, and this manifestly is not justified by the record. In justice to the jury and the trial court, however, it may not be improper to add that the appellant himself furnished the necessary corroboration of the story of the prosecuting witness, if corroboration is needed. His admitted conduct immediately following the time the facts were made known can hardly be explained on any other theory than that of guilt.

The further assignments relate to the refusal of the court to give to the jury certain requested instructions. These, for the greater part, recited with some minuteness of detail the facts and circumstances necessary to be taken into consideration by the jury in making up their verdict. But we cannot conclude that the jury were improperly instructed. While the court stated the material matters necessary to be considered by them in more general language than the language of the requests, it fully and fairly informed them as to the law of the case, and this is all that is necessary under the practice in this jurisdiction.

The following instruction was also requested:

"The court further instructs the jury that the defendant is entitled to the benefit of the honest indi-

vidual judgment of each juror upon the evidence in this case; in other words, before you can find the defendant guilty all twelve of your number must be convinced beyond a reasonable doubt that his guilt is shown by the evidence, and if after considering all of the evidence and full conference with his fellow jurors any juror should entertain a reasonable doubt as to the guilt of the defendant being established by the evidence, it would be the duty of such juror not to yield his honest conviction until such time as the evidence convinces him beyond a reasonable doubt of the guilt of the defendant.''

But a similar requested instruction was considered and disapproved in the case of *State v. Godwin,* 131 Wash. 591, 230 Pac. 831. The reasons for its rejection are stated in that opinion, and need not be repeated here.

We find no error in the record, and the judgment will stand affirmed.

MITCHELL, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.