[No. 22455. Department Two. August 11, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN FREITAS, *Appellant*.[1]

*Allan Trumbull*, for appellant.

*W. J. Daly, Jr.*, for respondent.

FRENCH, J.—The appellant was charged by the prosecuting attorney of Jefferson county, the information containing two counts alleging violations of the state liquor law, tried to a jury and found guilty.

This appeal follows, and but two errors are argued: First, that the court unduly restricted the cross-examination of the state's witnesses; second, that the court unduly limited counsel for the defense in his argument to the jury.

■ The limitation of the cross-examination of the state's witnesses arose as follows: The sheriff of Jefferson county, a deputy sheriff and an under-cover man working for the sheriff's office, were each asked on cross-examination by the defendant's counsel sub-

[1]Reported in 290 Pac. 701.

stantially the following question: "Have you, within the last two years, bought or sold liquor?" To this question, objection was made and sustained.

That the ruling of the trial court was correct, is settled by the recent case of *State v. Gaffney,* 151 Wash. 599, 276 Pac. 873, where this court said:

"A careful examination of the authorities satisfies us that the decision of this court in the case of *State v. Smith,* 145 Wash. 250, was incorrect. The true rule is that the character of a witness may be shown by general reputation, and not by cross-examination as to specific acts of insinuated immorality along the line attempted to have been followed by appellants in the case at bar."

When the case was being argued to the jury, counsel for defendant stated: "I want to call your attention to an article in the Literary Digest," whereupon the following took place:

"THE COURT: You cannot read that.

"MR. TRUMBULL: I would like the record to show that the defendant is about to read from statistics from the Literary Digest, and denied the privilege by the court, to which he excepts.

"THE COURT: The record will so show."

While it is true that great latitude must be allowed counsel in arguing to the jury, and while it is likewise true that pertinent quotations may ofttimes be properly made, yet matters such as this must necessarily rest largely within the sound discretion of the trial court, and there is no showing made in this case to indicate that the defendant was in any way prejudiced by the refusal of the trial court to permit his counsel to read "statistics from the Literary Digest."

Judgment affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.