[No. 42507.    En Banc.    December 21, 1972.]

THE STATE OF WASHINGTON, *Petitioner,* v. ERIC L. HAGA, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *James E. Warme, Deputy,* for petitioner.

*Barokas, Martin & Richey,* by *Jack A. Richey,* for respondent.

HUNTER, J.—This is a review by certiorari of an order of the Superior Court for King County allowing the defendant (respondent), Eric L. Haga, to post bail pending appeal of his conviction for first-degree murder.

The facts upon which this review is predicated are not in dispute.

On December 23, 1971, the defendant was found guilty of first-degree murder on two counts, for the slaying of his wife and 7-month-old daughter. The jury did not recommend the death penalty. Thereafter, the defendant was sentenced to life imprisonment on both counts, the terms to run concurrently.

A writ of habeas corpus, wherein the defendant petitioned for the setting of bail pending his appeal, was denied by the Court of Appeals, Division One, on June 5, 1972. Subsequently, the case of *Furman v. Georgia,* 408 U.S. 238,

33 L. Ed. 2d 346, 92 S. Ct. 2726 (1972), was decided by the United States Supreme Court, the effect of which abolished the death penalty under the existing statutes in this state. *See State v. Baker,* 81 Wn.2d 281, 501 P.2d 284 (1972). Application was thereafter made to the superior court for the fixing of bail, apparently under the theory that he was entitled to bail as a matter of right in view of the *Furman* case. The superior court, on July 28, 1972, entered an order fixing bail for the defendant in the amount of $35,000.

The petitioner, the State of Washington, seeks review of this order by certiorari, which this court granted.

■ The state contends the abolishment of the death penalty in no way changes the nature of the crime or seriousness of the offense for which the death penalty could formerly be imposed, and that the *Furman* case has in no manner affected the intention of the legislature in limiting the right to bail in crimes formerly categorized as capital offenses. A consideration of this contention requires an analysis of our constitutional and statutory provisions limiting the right to bail in this category of cases. Article 1, section 20 of our constitution provides:

> All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is evident, or the presumption great.

It is to be noted that the limitation on the right to bail under this section of the constitution does not apply to cases on appeal. We stated *In re Berry,* 198 Wash. 317, 320, 88 P.2d 427 (1939):

> We are in accord with that view, and are of the opinion that the constitution neither confers the right to bail nor prohibits its allowance, pending an appeal from conviction.

Our statute, RCW 10.19.010, governing the right to bail prior to trial, provides:

> Every person charged with an offense, except that of murder in the first degree where the proof is evident or the presumption great, may be bailed by sufficient sureties . . .

The right to bail pending appeal is governed by RCW 10.73.040, which provides:

In all criminal actions, except capital cases in which the proof of guilt is clear or the presumption great, upon an appeal being taken from a judgment of conviction, the court in which the judgment was rendered, or a judge thereof, must, by an order entered in the journal or filed with the clerk, fix and determine the amount of bail to be required of the appellant . . .

Since the defendant was granted bail after conviction pending his appeal, only the latter statute is pertinent to the disposition of this appeal.

The sole question in this case is whether the legislature intended a limitation on a defendant's right to bail, upon his conviction of first-degree murder, by reason of the nature of the crime and seriousness of the offense for which he has been convicted, or by reason of it being a capital case in which the death penalty could be inflicted.

The facts in the *Berry* case were similar to the instant case. There the defendant was convicted of kidnapping in the first degree which was in the category of a capital offense in that the death penalty could be imposed. The jury, upon conviction of the defendant, however, did not impose the death penalty and instead recommended a life sentence. The defendant contended that since the jury had removed the death penalty from the case, it no longer was a "capital case" and that he was entitled to bail as a matter of right under RCW 10.73.040.

Mr. Justice Steinert, after an exhaustive review of authorities in other jurisdictions on this question, stated in *Berry* on page 329:

Considering the cases from other jurisdictions upon the question involved, we will not undertake to say where the weight of authority lies. It may be said to be divided fairly evenly. We are, therefore, left free to decide the question as one of first impression, without doing violence to any well-settled principle.

We thereupon held that the nature and degree of the crime was the same, although the death penalty had been

removed by the jury, and that it was still a capital case coming within the limitations of RCW 10.73.040, in granting bail on appeal. We stated:

> Since a capital offense is one in which the death penalty *may be* enforced, regardless of whether it finally is or not, *a capital case does not lose its character merely from the fact that the jury did not inflict the penalty that it might have inflicted within the law.* The petitioner herein was convicted of a capital offense, *and the degree of the crime was in no way lessened by the penalty imposed.* In determining the right to bail, the nature of the crime is the first consideration, and the gravity of the offense is characterized by the statutory penalty prescribed against its commission.

(Italics ours.) *In re Berry,* 198 Wash. 317, 330, 88 P.2d 427 (1939). Inherent in this reasoning and logic is the conclusion that the removal of the death penalty in no way affected the nature of the crime or the seriousness of the offense. It was the nature of the crime and seriousness of the offense which, we believe, the legislature had in mind when bail was limited on appeal in capital cases. The Supreme Court of California, in the case of *People v. Anderson,* 6 Cal. 3d 628, 493 P.2d 880, 100 Cal. Rptr. 152 (1972), adopted the same reasoning. In that case, the California court was the first jurisdiction in our country to abolish the death penalty in all cases without qualifications. That court realized, however, this did not affect the seriousness of the crimes for which the death penalty previously could be imposed. Consistent with the reasoning of our *Berry* case, that court stated on page 657 n.45:

> The law thus determined the gravity of such offenses [capital] both for the purpose of fixing bail before trial and for imposing punishment after conviction. Those offenses, of course, remain the same but under the decision in this case punishment by death cannot constitutionally be exacted. The underlying gravity of those offenses endures and the determination of their gravity for the purpose of bail continues unaffected by this decision. . . . they remain as offenses for which bail should be denied . . .

We adhere to the reasoning of the *Berry* case, and are in agreement with the above reasoning of the Supreme Court of California. We are satisfied that the abolishment of the death penalty under the existing laws of this state by the United States Supreme Court in *Furman,* in no way affected the purpose and intentions of our legislature in limiting the right to bail on appeal.

The defendant argues, however, that *State v. Johnston,* 83 Wash. 1, 144 P. 944 (1914), squarely holds to the contrary. In that case the defendant, in a first-degree murder trial, was denied the right to 12 peremptory challenges to which she was entitled under RCW 10.49.060 in a capital case. At that time, capital punishment had been abolished by this state. The court held the defendant was not being tried for a capital offense and was therefore limited to the use of only six peremptory challenges. We there held that the question of whether the defendant was charged with a capital offense was the conclusive determining factor in her right to the use of the 12 peremptory challenges. We believe that the case is distinguishable from the reasoning of the *Berry* case since the concern of the legislature, in granting the defendant 12 peremptory challenges in a capital case, was directly related to the seriousness of the penalty with which the defendant was confronted, rather than the seriousness of the crime with which she was charged.

In any event, insofar as the *Johnston* case may be deemed inconsistent with our holding in the instant case, it is hereby overruled.

We do not reach the issue of whether the proof of guilt is clear or the presumption great, as that is a matter for initial determination within the province of the trial court.

The judgment of the trial court is reversed and the case is remanded for consideration for the fixing of bail consistent with our holding in this opinion.

HAMILTON, C.J., FINLEY, ROSELLINI, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied March 9, 1973.