[No. 53337-7.   En Banc.   May 7, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v.
JOHN W. ANDERSON, *Petitioner*.

*John W. Anderson,* pro se, and *Helen A. Anderson* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Kathryn Goater* and *Linda Jacke, Deputies,* for respondent.

DOLLIVER, J.—Defendant John Wesley Anderson contends the trial court erred in not granting him 12 peremptory challenges in his trial for aggravated first degree murder where the prosecutor did not seek the death penalty. We find no error and affirm the trial court.

Anderson was charged with the murder of Francine Wilson. Wilson had been strangled, beaten until all her facial bones and skull were broken, and raped with a table leg. Although the prosecution charged the defendant with aggravated first degree murder, it did not seek the death penalty.

The trial court denied the defendant's pretrial motion to be allowed 12 peremptory challenges but did grant each party 8 challenges. The defendant used all 8. The jury reached a verdict of guilty as charged, and the defendant was sentenced to life imprisonment without the possibility of parole.

Several issues were appealed to the Court of Appeals, which decided all the issues against the defendant and affirmed the conviction in an unpublished opinion. The defendant then petitioned for review by this court solely on the issue of the number of peremptory challenges granted. We granted discretionary review.

The defendant cites the court rules requiring the trial court to give 12 peremptory challenges in prosecutions for capital offenses and contends his prosecution for aggravated first degree murder fits within this rule as a capital offense.

CrR 6.4(e)(1) provides in part:

> In prosecutions for capital offenses the defense and the state may challenge peremptorily 12 jurors each; in prosecutions for offenses punishable by imprisonment in a penitentiary 6 jurors each; in all other prosecutions, 3 jurors each. . . .

The issue the defendant raises is whether aggravated first degree murder is a "capital offense" for the purpose of this rule where the prosecution legally could have requested the death penalty but specifically did not seek to impose it.

The defendant relies on two cases from this court interpreting statutes which limited the right to bail for capital offenses. These cases held the statutes applied even if the death penalty was not enforced, either because the death penalty had been declared unconstitutional, *State v. Haga,* 81 Wn.2d 704, 504 P.2d 787 (1972), or because the jury decided not to impose the penalty, *In re Berry,* 198 Wash. 317, 330, 88 P.2d 427 (1939).

■ The resolution of the defendant's claim requires an assessment of the scope of the *Haga* decision. The defendant in *Haga* claimed a right to bail pending appeal because bail could only be denied for capital offenses. He relied on *State v. Johnston,* 83 Wash. 1, 144 P. 944 (1914), in which we concluded a defendant charged with first degree murder was not entitled to 12 peremptory challenges because the death penalty had been abolished, and she was therefore not charged with a "capital offense". The *Haga* court distinguished the circumstances in *Johnston:*

> [T]he concern of the legislature, in granting the defendant 12 peremptory challenges in a capital case, was directly related to the seriousness of the penalty with which the defendant was confronted, rather than the seriousness of the crime with which she was charged.

*Haga,* at 708. In other words, the granting of peremptory challenges depends upon whether the defendant actually confronted the death penalty, whereas the granting of bail only depends upon whether the defendant committed a crime which *could* be punished with the death penalty.

The *Haga* court, however, went beyond distinguishing *Johnston* to state:

> In any event, insofar as the *Johnston* case may be deemed inconsistent with our holding in the instant case, it is hereby overruled.

*Haga,* at 708. Although *Johnston* would otherwise control the issue raised by Anderson, this statement by the *Haga* court made the current status of *Johnston* unclear.

Decisions by the Court of Appeals since *Haga* have continued to follow *Johnston.* When the *Haga* case again appeared before the Court of Appeals, the court relied on *Johnston* to hold a defendant not actually threatened with the death penalty is not entitled to the 12 peremptory challenges. *State v. Haga,* 13 Wn. App. 630, 638, 536 P.2d 648, *review denied,* 86 Wn.2d 1007 (1975), *cert. denied,* 425 U.S. 959 (1976). The Court of Appeals relied on the language of our earlier opinion distinguishing *Johnston,* and determined *Johnston* was not overruled with regard to peremptory challenges. In *State v. Wilson,* 16 Wn. App. 348, 356, 555 P.2d 1375 (1976), the court reached the same conclusion.

The case law from other jurisdictions is consistent with the *Johnston* decision and the decisions of the Court of Appeals. *United States v. Vallez,* 653 F.2d 403, 405–06 (9th Cir.), *cert. denied sub nom. Molina v. United States,* 454 U.S. 904 (1981); *People v. Nathaniel,* 103 Ill. App. 3d 610, 615, 431 N.E.2d 1080 (1981); *State v. Powers,* 198 Mont. 289, 294–95, 645 P.2d 1357 (1982); *State v. Atkins,* 681 S.W.2d 571, 577 (Tenn. Ct. App. 1984), *cert. denied,* 470 U.S. 1028 (1985); *contra, Batten v. State,* 533 S.W.2d 788, 789–93 (Tex. Crim. App. 1976). *See also* Annot., *Validity and Construction of Statute or Court Rule Prescribing Number of Peremptory Challenges in Criminal Cases According to Nature of Offense or Extent of Punishment,* 8 A.L.R.4th 149, 181–86 (1981).

The decision of the Court of Appeals below, therefore, finds support from a number of sources. Our statement in *Haga* overruling *Johnston* was unnecessary since *Johnston*

was distinguished to apply in the context of peremptory challenges and not bail. The decision of the Court of Appeals is supported by the reasoning of *Johnston,* the interpretation of *Haga* by other courts, and the decisions of other jurisdictions. We conclude the decision in *Johnston* was not overruled with regard to peremptory challenges.

While the number of peremptory challenges allowed might be subject to change, any amendment of CrR 6.4(e)(1) ought to be through the orderly procedures established by this court, GR 9, and not by case law.

The defendant also raised a number of issues in his pro se brief to the Court of Appeals. We have considered each of these issues and find them to be without merit.

The Court of Appeals is affirmed.

PEARSON, C.J., and UTTER, BRACHTENBACH, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

GOODLOE, J. (dissenting)—The title of RCW 10.95 is "Capital Punishment—Aggravated First Degree Murder". CrR 6.4(e)(1) explicitly provides:

> In prosecutions for capital offenses the defense and the state may challenge peremptorily 12 jurors each; . . .

The defendant was charged with aggravated first degree murder, which may be charged as a capital offense. RCW 10.95.020. The applicability of CrR 6.4(e)(1) should not turn on the discretion of the prosecutor, *i.e.,* whether he or she seeks the death penalty. I would hold that the defendant is entitled to 12 peremptory challenges. Therefore, I dissent.

DORE, J., concurs with GOODLOE, J.